UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **FELIX MURPHY, III,** § | |
| **TDCJ No. 00496415,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL NO. SA-24-CA-0033-JKP |
| § | |
| **BOBBY LUMPKIN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Felix Murphy, III's petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (ECF No. 1) and supplemental memorandum in support (ECF No. 2), as well as Respondent Bobby Lumpkin's Answer (ECF No. 10) thereto. Petitioner challenges the loss of "street-time" credit as a result of his November 2017 parole revocation, arguing that the denial of credit for the time he spent on parole constitutes an unconstitutional extension of his sentence and that he should be released because he has completed his sentence. In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's federal habeas corpus petition is barred by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). In the alternative, federal habeas relief is unwarranted because Petitioner's allegations are without merit. Thus, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

I. **Background**

In October 1988, Petitioner was convicted of two counts of aggravated robbery with a deadly weapon and sentenced to thirty-five years of imprisonment in each case, with the sentences to run concurrently. *State v. Murphy, III*, Nos. 1988CR2128 and 1988CR2129 (144th Dist. Ct., Bexar Cnty., Tex. Oct. 27, 1988); (ECF No. 10-1 at 2).[1] According to records provided by Respondent, Petitioner was incarcerated for these (and other) offenses until June 12, 2001, when he was released from Texas Department of Criminal Justice (TDCJ) custody to parole supervision. (ECF No. 10-1 at 3). However, Petitioner failed to fulfill the terms and conditions of his release, and his parole was eventually revoked on November 30, 2017. *Id*. at 4. Petitioner returned to TDCJ custody on December 28, 2017, having lost all "street-time credit"[2] (15 years, 10 months, and 3 days) earned during his release due to his aggravated robbery conviction. *Id*. at 4-5 (citing Tex. Gov't Code § 508.149(a)(12)).

On January 18, 2018, Petitioner filed a time dispute resolution (TDR) form with TDCJ. *Id*. at 5. In response, TDCJ advised Petitioner that the time he spent on parole had been added back to his sentence because he was not eligible for street-time credit under Texas law. *Id*. Four years later, on February 23, 2022, Petitioner filed a second TDR with TDCJ disputing the denial of street-time credit. *Id*. On June 16, 2022, Petitioner was advised: "Eligibility for street time is determined by the law in effect at the time of the revocation, not the offense date. On the date you were revoked, you were serving on offense[s] covered under gov. code 508.149. You are not eligible for your street time." *Id*.

---

[1]  *See also* https://portal-txbexar.tylertech.cloud/, search for "Murphy, Felix" last visited October 24, 2024.

[2]  "Street-time credit" refers to the "calendar time a person receives towards his sentence for days spent on parole or mandatory supervision." *Ex parte Spann*, 132 S.W.3d 390, 392 n.2 (Tex. Crim. App. 2004).

Petitioner then challenged the loss of street-time credit by filing two applications for state habeas corpus relief on November 9, 2022. *Ex parte Murphy, III*, Nos. 95,227-01, -02 (Tex. Crim. App.); (ECF Nos. 11-1 at 4-21, 11-6 at 4-21). The Texas Court of Criminal Appeals denied both of Petitioner's state applications without written order on November 15, 2023. (ECF Nos. 11-5, 11-7).

Petitioner initiated the instant proceedings by filing a petition for federal habeas corpus relief on January 2, 2024. (ECF No. 1 at 10). In the petition and supplemental memorandum filed with it, Petitioner raises three allegations that were rejected by the Texas Court of Criminal Appeals during his state habeas proceedings: (1) the loss of street-time credit is governed by the law in effect at the time of his 1988 conviction, which does not bar him from receiving credit for the time he was out on parole, (2) Tex. Gov't Code § 508.149 and § 508.283 are unconstitutional and cannot be applied retroactively to extend his sentence, and (3) his trial counsel rendered ineffective assistance by failing to advise him on his eligibility for parole or on the possibility that the laws governing parole and street-time credits may change.

## II.  Analysis

**A.     The Statute of Limitations**

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

In this case, Petitioner's first two claims challenge TDCJ's determination that he is not eligible for street-time credit for the time he spent on parole. Arguably, the factual predicate of such claims is discoverable at the time of Petitioner's parole revocation because, under Texas law, eligibility for street time served on parole is determined by the statute in effect upon the revocation of parole. *See Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009).

Granting Petitioner greater latitude, however, the Court still finds Petitioner could have discovered, through the exercise of due diligence, the factual basis of his claim by December 28, 2017, the date he was returned to TDCJ following the revocation of his parole. (ECF No. 10-1 at 4). As a result, the limitations period under § 2244(d) began to run on that date and expired one year later on December 28, 2018. Because Petitioner did not file his § 2254 petition until January 2, 2024—over five years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.[3]

### 1. Statutory Tolling

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

---

[3] Petitioner's challenge to the effectiveness of his trial counsel is even more untimely. In such cases, the limitations period begins to run on the date the judgment became final. 28 U.S.C. § 2244(d)(1)(A). Because Petitioner's convictions became final well before the establishment of the one-year limitations period on April 24, 1996, his limitations period for challenging his underlying convictions began on that date and expired a year later on April 24, 1997. *See* Pub. L. No. 104–132, 110 Stat. 1217 (establishing the day Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)); *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998) (finding such petitioners have one year after the April 24, 1996, effective date of AEDPA in which to file a § 2254 petition for collateral relief). Thus, Petitioner's third allegation is over 23 years late.

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The Fifth Circuit has determined that a petitioner is entitled to tolling during the time a TDR form is pending because Texas law requires prisoners to file a TDR if they wish to dispute the calculation of their time served. *See Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010). As discussed previously, Petitioner filed his first TDR form on January 18, 2018, which was later denied by TDCJ on February 9, 2018. (ECF No. 10-1 at 5). Accordingly, Petitioner's TDR form tolled the limitations period for a total of 23 days, making his federal petition due on January 20, 2019.

Although Petitioner is entitled to statutory tolling under § 2244(d)(2) for the first TDR form he filed, the second TDR form, along with his two state habeas corpus applications, do not afford him the same courtesy. Petitioner did not file his second TDR form until February 2022, and his state habeas corpus applications were not filed until November 2022. (ECF Nos. 10-1 at 5, 11-1 at 21, and 11-6 at 21). All three were executed well after the time for filing a federal petition under § 2244(d)(1) had lapsed. As a result, they do not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Consequently, Petitioner's limitations period for filing a federal petition still expired January 20, 2019. Again, he did not file the instant § 2254 petition until January 2, 2024—almost five years too late.

    **2.**    **Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of

equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner did not file a reply to Respondent's assertion of the limitations period, and his § 2254 petition does not provided this Court with any valid reason to equitably toll the limitations period in this case. Even with the benefit of liberal construction, Petitioner is not entitled to the application of equitable tolling because he has not demonstrated the existence of an "extraordinary circumstance" that prevented his timely filing. Indeed, a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to show that he has been pursuing his rights diligently. Although he attempted to dispute the denial of his street-time credit in two TDR forms and two state habeas applications, Petitioner fails to demonstrate why he waited four years from the denial of his first TDR to file a second form, much less explain why he waited another five months after the denial of his second TDR to raise the allegations in a state habeas application. Because Petitioner failed to assert any specific facts showing that he was prevented, despite the

exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

**B.     Alternative Merits Determination**

Petitioner is essentially arguing he is entitled to credit for the time he spent on parole, also known as "street time." Petitioner appears to have exhausted his state court remedies with respect to his claims for street-time credit. Therefore, the scope of this Court's review is determining whether the adjudication of Petitioner's claims by the state court either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d). He fails to make this showing.

Petitioner contends he is entitled to 15 years, 10 months, and 3 days of street-time credit for the time he spent on parole, arguing that the parole board's denial of this credit constituted an unlawful extension of his sentence. To succeed on his claims, Petitioner must establish that he has a "liberty interest" to his claimed street-time credit. *Rhodes v. Thaler*, 713 F.3d 264, 266 (5th Cir. 2013). Such protected liberty interests "may arise from two sources—the Due Process Clause itself and the laws of the States." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citation omitted).

The Fifth Circuit has clearly held that there is no federal constitutional right to receive credit towards a sentence for street time. *Rhodes*, 713 F.3d at 266 & n.9 (finding no protected liberty interest in street-time credit under the Due Process Clause); *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996) (same); *see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (holding that "[t]here is no constitutional or inherent right of a convicted

person to be conditionally released before the expiration of a valid sentence" under the Due Process Clause). Thus, whether there is a protected liberty interest hinges on state law.

Under Texas law, eligibility for street-time credit is determined by the statute in effect upon the revocation of parole. *Ex parte Hernandez*, 275 S.W.3d at 897. Prior to 2001, Texas prisoners automatically forfeited street-time credit as a consequence of parole revocation. *Ex parte Spann*, 132 S.W.3d 390, 393 (Tex. Crim. App. 2004) (citing Tex. Gov't Code § 508.283). However, the law changed in 2001, and § 508.283 was amended to specify that only certain violent offenders would forfeit street-time credit upon the revocation of their parole. *Id*. at 393-94. Now, in relevant part, § 508.283 states:

> If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

Tex. Gov't Code § 508.283(b) (West 2023). In other words, an inmate serving a sentence for, or previously convicted of, a crime described in section 508.149(a) of the Texas Government Code is not entitled to restoration of street-time credit. In this case, Petitioner had been convicted of two counts of aggravated robbery with a deadly weapon prior to his revocation, which is one of the offenses listed in section 508.149(a) of the Texas Government Code. *See* Tex. Gov't Code § 508.149(a)(12). Because Petitioner was a person described in § 508.149(a) at the time of his parole revocation, he was not entitled to street-time credit pursuant to § 508.283(b) for time spent on parole prior to revocation. Petitioner's claims therefore lack merit, as he possesses no "liberty interest" to his claimed street-time credit.

Again, the Court observes that Petitioner raised the same issues in his state habeas applications. (ECF Nos. 11-1 at 4-21, 11-6 at 4-21). Having independently reviewed the entire

state court record, this Court finds nothing unreasonable in the state court's rejection of Petitioner's allegations. Consequently, given the deference afforded to state court determinations on federal habeas review, relief is denied. *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the

9

lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

### IV. Conclusion

After careful consideration, the Court concludes that Petitioner's allegations challenging the loss of street-time credit as a result of his November 2017 parole revocation are both without merit and barred by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Felix Murphy, III's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED this the 25th day of October, 2024.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**